IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| REGINALD DURR, | ) |
| #M-38216, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17−cv−00554−SMY |
| vs. | ) |
| | ) |
| DENNIS LARSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case is now before the Court for consideration of the Amended Complaint filed by Plaintiff Reginald Durr on September 8, 2017. (Doc. 15). Plaintiff is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"). He brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Amended Complaint, Plaintiff claims that Dennis Larson, a physician at Big Muddy, failed to properly diagnose and treat his chronic neck pain. (Doc. 15, p. 5). Plaintiff further claims that as a result, he suffered from years of unnecessary pain and eventual paralysis of his left arm and hand. *Id.* He now seeks monetary relief. (Doc. 15, p. 6).

The Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Amended Complaint survives screening under this standard.

### **Amended Complaint**

According to the Amended Complaint, Plaintiff met with Doctor Larson to discuss chronic neck pain several times during his incarceration at Big Muddy. (Doc. 15, p. 5). Plaintiff describes years of pain, particularly when rotating his neck. *Id*. Doctor Larson told Plaintiff that his x-rays showed "no issues." (Doc. 15, pp. 4-5). Plaintiff thought his neck pain was simply part of the aging process. (Doc. 15, p. 4). He used a hot towel to relieve the pain, but it made no difference. (Doc. 15, p. 5).

In 2015, Plaintiff asked Doctor Larson to "try something new." (Doc. 15, p. 5). Instead of x-rays, Plaintiff requested an MRI. *Id*. The doctor ordered the test, and it revealed "severe issues with [Plaintiff's] cervical spine." *Id*. This was not something that x-rays would detect. *Id*.

Plaintiff was required to undergo surgery. (Doc. 15, p. 5). The surgeon told Plaintiff that years of pain would have been avoided if Doctor Larson had timely diagnosed and treated the condition. *Id*. In addition, Plaintiff would have avoided paralysis of his left arm and hand. *Id*. Plaintiff now seeks monetary relief against Doctor Larson. (Doc. 15, p. 6).

**Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Amended Complaint (Doc. 1) into the following count:

**Count 1 -** Eighth Amendment deliberate indifference to medical needs claim against Doctor Larson for failing to properly diagnose and timely treat Plaintiff's severe cervical spine damage.

The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Plaintiff's claim is governed by the Eighth Amendment, which proscribes the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. Deliberate indifference to the serious medical needs of prisoners constitutes cruel and unusual punishment. *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). An Eighth Amendment claim based on the denial of medical care requires the plaintiff to demonstrate that he suffered from a sufficiently serious medical condition (*i.e.*, an objective standard) and that the defendant exhibited deliberate indifference to the plaintiff's condition (*i.e.*, a subjective standard). *Id*.

The Amended Complaint satisfies the objective component of this claim. A medical need is considered objectively serious, if it has either "been diagnosed by a physician as mandating

treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff suffered from chronic neck pain as a result of an undiagnosed cervical spine condition that ultimately necessitated surgery. (Doc. 15, pp. 4-5). The condition also caused him to suffer from paralysis of his left arm and hand. *Id.*

The Amended Complaint also suggests that Doctor Larson exhibited deliberate indifference to Plaintiff's serious medical needs. A prison official acts with deliberate indifference when he "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A delay in performing necessary surgery may rise to the level of deliberate indifference, particularly where the delay causes unnecessary pain or exacerbates an injury. *Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015) (10-month delay in performing surgery, despite complaints of pain, swelling, and loss of hand function, supported deliberate indifference claim). For these reasons Plaintiff's Eighth Amendment claim in Count 1 against Doctor Larson survives screening and shall receive further review.

## Pending Motions

Plaintiff filed two Motions for Attorney Representation (Docs. 10, 14), both of which shall be **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **DENNIS LARSON**.

**IT IS ORDERED** that as to **COUNT 1**, Plaintiff has neither sought nor been granted leave to proceed *in forma pauperis* in this action, and the Court will not automatically appoint the United States Marshal to effect service of process upon Defendant **LARSON**. However, if

Plaintiff desires to request the appointment of the United States Marshal to serve process on these defendants, Plaintiff shall file a Motion for Service of Process at Government Expense, within 35 days of the date of entry of this order (on or before November 27, 2017). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a Motion for Service of Process at Government Expense, it shall be Plaintiff's responsibility to have Defendant **LARSON** served with a summons and copy of the Amended Complaint pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that only a non-party may serve a summons. *See* FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the Amended Complaint (Doc. 15) and this Memorandum and Order for the defendant and shall forward the same to the United States Marshal for service. If Plaintiff does not file a Motion for Service of Process at Government Expense within 35 days as ordered, the Clerk shall then prepare a summons for the defendant and shall forward the summons and sufficient copies of the Amended Complaint (Doc. 15) and this Memorandum and Order to Plaintiff so that he may have the defendant served.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motions for Attorney Representation (Docs. 10, 14).

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 20, 2017**

                                                **s/ STACI M. YANDLE**
                                                **District Judge**
                                                **United States District Court**